Ross *vs.* Head *et al.*

WILLIAM H. Ross, plaintiff in error, *vs.* WILLIAM P. HEAD *et al.*, defendants in error.

1. The granting of leave of absence by court to counsel, unless for providential cause, is of doubtful propriety when it affects the rights and interests of other parties, and should be exercised at all times with caution and circumspection by the court.
2. In this case, the court having granted the claimant's counsel leave of absence, though the docket did not show him to be of counsel, this court will not control its discretion in continuing the case.

Attorney. Leave of absence. Continuance. Before Judge PATE. Pulaski Superior Court. April Term, 1873.

For the facts of this case, see the decision.

L. C. RYAN; C. C. KIBBEE, for plaintiff in error.

No appearance for defendants.

WARNER, Chief Justice.

1. The error assigned in this case is that the court granted a continuance on account of the absence of counsel. It appears from the certificate of the presiding judge, that when the case was finally called for trial that two or three members of the bar, not connected with the case, stated to the court that Samuel Hall, Esq., was the only counsel who represented the case in that court, though his name was not on the docket. The court had granted Mr. Hall leave of absence, not knowing that he was counsel in that case, and for that reason the

case was continued. The granting leave of absence from court to counsel, unless for providential cause, is of doubtful propriety when it affects the rights and interests of other parties, and should be exercised at all times with caution and circumspection by the court.

2. In this case, the court having granted the claimant's counsel leave of absence, this court will not control its discretion in continuing the case, under the statement of facts disclosed in the record.

Let the judgment of the court below be affirmed.